```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DE'MON D. WALLS,                                               :
                        Plaintiff,                             :
                                                               :     OPINION AND ORDER
v.                                                             :
                                                               :     17 CV 2409 (VB)
DR. SKINNER D.D.S.; CORRECT CARE                               :
SOLUTIONS; KEVIN CHERVERKO,                                    :
Commissioner, County of Westchester Department                 :
of Correction, State of New York;                              :
WESTCHESTER COUNTY DEPARTMENT OF                               :
CORRECTION; WARDEN R. WATKINS, County                          :
of Westchester Department of Correction, State of              :
New York; MICHAEL KELLY, Director of                           :
Correct Care Solutions,                                        :
                        Defendants.                            :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff De'Mon D. Walls, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging Hammad Skinner, D.D.S., Commissioner Kevin Cheverko, Warden A. Watkins, Michael Kelly, Correct Care Solutions, LLC ("CCS"), and the County of Westchester (the "County") violated his constitutional rights during his incarceration at Westchester County Jail ("WCJ").[1]

Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #36).

For the reasons set forth below, defendants' motion is GRANTED.

---

[1] Plaintiff identifies Hammad Skinner, D.D.S., as "Dr. Skinner D.D.S.," Commissioner Cheverko as Commissioner "Cherverko," and Warden A. Watkins as Warden "R. Watkins." It is clear plaintiff intends to sue Hammad Skinner, D.D.S., Commissioner Cheverko, and Warden A. Watkins, and the Court will identify defendants as such throughout this Opinion. In addition, the amended complaint identifies Westchester County Department of Correction ("WCDOC") as a defendant, although the Court has twice replaced WCDOC with the County of Westchester, because WCDOC does not have the capacity to be sued under New York law. (Docs. ##7, 30). The Court construes the amended complaint to assert claims against the County of Westchester.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

For the purpose of deciding the pending motion, the Court accepts all factual allegations in the amended complaint as true and draws all reasonable inferences in plaintiff's favor, as summarized below.[2]

At all times relevant to the amended complaint, plaintiff was an inmate at WCJ.

On August 8, 2018, plaintiff received temporary fillings for dental cavities from defendant Dr. Hammad Skinner, a dentist at WCJ. Plaintiff returned to Dr. Skinner "a few times" because the temporary fillings caused pain, especially when plaintiff ate. (Am. Compl. at 3).[3] Dr. Skinner told plaintiff he "didn't know what to tell" him, because WCJ provided only temporary fillings. (Id.). Dr. Skinner also told plaintiff he "had really long Paw-Paws," which plaintiff took to mean nerves. (Doc. #45 at 9).

On November 7, 2016, plaintiff filed a grievance seeking permanent fillings. On November 17, 2016, plaintiff's grievance was denied following an investigation by non-party Sergeant Matthews. Plaintiff alleges Sergeant Matthews spoke with defendant Michael Kelly, director of CCS, in connection with his investigation. The denial of plaintiff's grievance

---

[2] In addition to the amended complaint, the Court has reviewed and considered plaintiff's complaint (Doc. #1), declaration in opposition to defendants' motion to dismiss (Doc. #43), and memoranda of law in support of his complaint. (Docs. ##45, 50).

[3] As used herein, "Am. Compl. at __" refers to the pre-printed page numbers on the bottom of each page of plaintiff's form amended complaint. (Doc. #31).

indicated plaintiff was scheduled for a follow-up dental appointment "to address any complaint of discomfort." (Compl. at 10).[4]

Plaintiff appealed the denial of his grievance, and defendant Warden Watkins affirmed Sergeant Matthews's findings. Plaintiff appealed Warden Watkins's decision to the Citizen's Policy and Complaint Review Council, and on January 12, 2017, plaintiff's grievance was accepted in part.

The decision accepting plaintiff's grievance in part was addressed to Commissioner Cheverko of the Westchester County Department of Correction. The decision stated: "Pursuant to 9 NYCRR § 7010.1 the facility is required to [provide] adequate medical care for incarcerated persons, to include dental care. The evidence submitted with this grievance packet indicated that this requirement was not observed." (Compl. at 12).

As of the filing of the amended complaint, plaintiff had not yet received permanent fillings.

**DISCUSSION**

I. <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded

---

[4] As used herein, "Compl. at __" refers to the Court's electronic case filing system page number stamped at the top of each page of the complaint and its attachments, all of which are filed together as a single document. (Doc. #1).

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.   Deliberate Indifference Claim

Defendants argue plaintiff fails to state an Eighth Amendment claim for deliberate indifference to plaintiff's serious medical needs.

The Court agrees.

To assert a claim for constitutionally inadequate medical care under the Eighth Amendment's ban against cruel and unusual punishment, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v.

Gamble, 429 U.S. 97, 106 (1976). This test has both an objective and a subjective component: plaintiff must plead facts showing (i) the alleged deprivation of medical care is "sufficiently serious," and (ii) the officials in question acted with a "sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006).

The objective component has two subparts. "The first inquiry is whether the prisoner was actually deprived of adequate medical care," keeping in mind that only "reasonable care" is required. Salahuddin v. Goord, 467 F.3d at 279 (citing Farmer v. Brennan, 511 U.S. 825, 839–40 (1970)). "Second, the objective test asks whether the inadequacy in medical care is sufficiently serious" by examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Salahuddin v. Goord, 467 F.3d at 280 (citing Helling v. McKinney, 509 U.S. 25, 32–33 (1993)).

The subjective component requires a showing that defendants were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm. Salahuddin v. Goord, 467 F.3d at 280. "[T]he charged official must act with a sufficiently culpable state of mind." Id. (citing Wilson v. Seiter, 501 U.S. 294, 300 (1991)). It is well established that "negligence, even if it constitutes medical malpractice, does not, without more," give rise to a constitutional claim. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

Here, plaintiff fails adequately to plead the subjective component. Although a dental cavity "presents a serious medical need within the meaning of our case law . . . [a]bsent intense pain or other exigency, the treatment of a cavity (in or out of prison) can safely be delayed by the dentist's schedule or the patient's dread or neglect, can be subject to triage or the management of care, can be mitigated or repaired temporarily." Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000). Plaintiff alleges he saw Dr. Skinner multiple times, and was provided temporary fillings.

5

Plaintiff does not allege his dental condition degenerated or his pain worsened as a result of the temporary fillings. Thus, while the Court is sympathetic to plaintiff's pain and his desire for permanent fillings, even accepting plaintiff's allegations as true, there is no basis to conclude Dr. Skinner's treatment evinced a conscious disregard of a substantial risk of serious harm to plaintiff.[5]

Accordingly, plaintiff's deliberate indifference claim must be dismissed.[6]

III.  Monell Claim

Defendants argue plaintiff's claims against the County and CCS must be dismissed because plaintiff fails to state a Monell claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Court agrees.

---

[5] Neither party addresses whether plaintiff was a pretrial detainee or a post-conviction inmate at the time of the alleged events giving rise to the amended complaint. Defendants apply the Eighth Amendment standard to plaintiff's deliberate indifference claim, and plaintiff does not object. However, even under the more lenient standard applicable to pretrial detainees under the Fourteenth Amendment's Due Process Clause, plaintiff fails to state a claim. See Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017). The second prong of a deliberate indifference claim requires a pretrial detainee to plausibly allege "that the defendant-official acted intentionally . . . or recklessly failed to act with reasonable care . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Id. Here, plaintiff makes no allegation to suggest Dr. Skinner knew or should have known temporary fillings subjected plaintiff to excessive risk of harm. Accordingly, whether plaintiff was a pretrial detainee or a post-conviction inmate during his detention at WCJ does not affect the disposition of this motion.

[6] Plaintiff alleges Commissioner Cheverko, Warden Watkins, and Michael Kelly's participation in the grievance process delayed his receipt of adequate treatment. Because the alleged facts giving rise to plaintiff's complaint do not state a deliberate indifference claim, plaintiff's claims against Commissioner Cheverko, Warden Watkins, and Michael Kelly are also dismissed. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation omitted).

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. In determining whether a private actor, like CCS, may be liable for claims under Section 1983, courts are guided by the principles set forth in Monell. See Rojas v. Alexander's Dep't Store, 924 F.2d 406, 408 (2d Cir. 1990). Thus, to assert a Section 1983 claim against the County or CCS, plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. Sept. 13, 2013) (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168

7

(1993)).⁷  "In other words, boilerplate allegations will not suffice."  Id. (internal quotation omitted).  "[T]he allegations [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient."  Missel v. Cty. of Monroe, 351 F. App'x 543, 545–46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100–02 (2d Cir. 1993)).

Here, plaintiff plausibly alleges a municipal policy whereby WCJ inmates received only temporary fillings, rather than permanent fillings.  However, plaintiff fails to allege he was deprived of a constitutional right as a result of that policy.

Accordingly, plaintiff's claims against the County and CCS must be dismissed.

IV.  State Law Claims

Construed liberally, plaintiff's amended complaint asserts state law negligence and medical malpractice claims.  Having dismissed plaintiff's federal claims, there is no longer any claim over which the Court has original jurisdiction.  In an exercise of its discretion, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.  See 28 U.S.C. § 1367(c)(3).

V.  Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)).  District courts "should not dismiss [pro se complaints] without

---

⁷  Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this ruling.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, reading the amended complaint liberally, the Court does not find any allegations that suggest plaintiff has a valid Eighth Amendment, Fourteenth Amendment, or Monell claim he has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. In addition, defendants previously filed a motion to dismiss (Doc. #17), subsequent to which plaintiff was granted leave to submit an amended complaint. (Doc. #30). However, plaintiff's amended complaint did not cure the deficiencies specifically identified in defendants' earlier-filed motion to dismiss. Thus, the Court finds that repleading again would be futile, because the problems with plaintiff's amended complaint are substantive, and supplementary and/or improved pleading will not cure its deficiencies. See Cuoco v. Moritsugu, 222 F.3d at 112.

Accordingly, the Court declines to grant plaintiff further leave to amend.

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Docs. ##36, 49) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: June 4, 2018
      White Plains, NY

                          SO ORDERED:

                          _____
                          Vincent L. Briccetti
                          United States District Judge